967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dean FARMER, Defendant-Appellant.
 No. 90-30428.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Memorandum Filed April 28, 1992.
Memorandum Withdrawn June 22, 1992.
Decided June 22, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dean Farmer appeals his 120-month sentence under the Sentencing Guidelines following his guilty plea to firearm possession by a felon, in violation of 18 U.S.C. § 922(g)(1). Farmer contends that the district court erred in designating him as a career offender on the basis of the instant conviction and two prior convictions for being a felon in possession of a firearm.
 
 
 3
 Recently, in United States v. Sahakian, No. 91-10199, slip op. 5975 (9th Cir. May 26, 1992), we considered whether being a felon in possession of a firearm is a crime of violence for purposes of applying the career offender guideline. We rejected an approach that would treat all such convictions as crimes of violence.
 
 
 4
 Instead, we held, the appropriate inquiry is whether "the elements of the crime charged or ... the actual charged 'conduct' of the defendant presented a serious risk of physical injury to another." Id. Under Sahakian, then, a felon in possession offense, in the absence of any aggravating circumstances charged in the indictment, does not constitute a crime of violence for purposes of the career offender guideline.
 
 
 5
 Because Farmer's indictment in this case charged him with the bare offense of being a felon in possession, it was error to classify him under U.S.S.G. § 4B1.1 as a career offender. See U.S.S.G. § 4B1.1(2). We therefore need not consider whether his two prior felon in possession convictions were crimes of violence.
 
 
 6
 VACATED and REMANDED for resentencing.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3